**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob Ortiz, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>True Food Kitchen Holdings, LLC, et al.,<br><br>Defendants. | No. CV-22-01821-PHX-DGC<br><br>**ORDER** |

Plaintiff Jacob Ortiz alleges violations of the Fair Labor Standards Act ("FLSA") and the Virginia Minimum Wage Act against Defendants True Food Kitchen Holdings, LLC and FRC Balance, LLC. Doc. 1. Defendants have filed a motion to compel arbitration, dismiss this action, and strike the collective and class allegations. Doc. 19. The motion is fully briefed, and no party has requested oral argument. For reasons stated below, the Court will grant the motion.

**I.  Background.**

In March 2019, Plaintiff was hired by Defendants True Food Kitchen and FRC Balance, operators of a full-service restaurant with locations throughout the country. Doc. 1, ¶ 30; Doc. 19 at 2. Plaintiff's employment has since terminated. *See* Doc. 1 at 9, ¶ 35. Plaintiff worked at Defendants' Fairfax, Virginia location. Doc. 1, ¶ 35. Plaintiff was a tipped employee and earned $2.13 per hour, the tipped minimum wage. *Id.*

Plaintiff claims that Defendants failed to inform him of the FLSA's "tipped employee" provisions as required by law. *Id.* ¶ 38. He alleges Defendants deducted the price of his uniform from his wages and caused his earnings to fall below the tipped minimum wage. *Id.* ¶ 53. Plaintiff also alleges that Defendants required performance of non-tip producing work, including "sweeping floors, mopping floors, taking out trash, wiping walls, doing dishes, and polishing silverware." *Id.* ¶ 40. He claims that he performed non-tip producing work for over 20% of his time and for periods longer than 30 minutes. *Id.* ¶¶ 41-43. Plaintiff brings his FLSA claims as a collective action and his state-law claims as a class action. Doc. 1.

Defendants filed the motion to dismiss and compel arbitration in lieu of answering the complaint. Doc. 19. Defendants contend that Plaintiff agreed to arbitrate this dispute in a written agreement signed on March 22, 2019 (the "Agreement"). Doc. 19-1, ¶ 8.

## II. Legal Standard.

The Federal Arbitration Act ("FAA") "provides that arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1092 (9th Cir. 2009) (quoting 9 U.S.C. § 2). Because arbitration is a matter of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (citation omitted). Absent a valid contract defense, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

Defendants have "the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (citation omitted). If a valid agreement to arbitrate encompasses the dispute, the FAA requires the court "to enforce the arbitration agreement in accordance

with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the court finds that an arbitration clause is valid and enforceable, the court should stay or dismiss the action to allow the arbitration to proceed." *Kam–Ko Bio–Pharm Trading Co. Ltd–Australasia v. Mayne Pharma*, 560 F.3d 935, 940 (9th Cir. 2009).

## III.     Defendants' Motion.

Defendant cites language from the Agreement clearly requiring Plaintiff to arbitrate all disputes, including wage claims. Doc. 19. Plaintiff contends that Defendants have not produced the Agreement and therefore have failed to meet their burden. Doc. 23 at 3-4. Defendants' motion cited to and quoted from the Agreement (Doc. 19 at 2-3, 7), and stated that it was attached as Exhibit A to the declaration of Josh Seguin, which was attached to the motion as Exhibit 1 (*id.* at 2, 7). The declaration of Mr. Seguin described the Agreement by date and signatures and stated that a correct copy was attached. Doc. 19-1 at 2. In fact, the Agreement was not attached to the declaration. *Id.* Defendants later filed a notice of errata enclosing the Agreement and explaining that they inadvertently omitted it from their original filing. Doc. 24 (Ex. A). In addition, Defense counsel had provided Plaintiff's counsel with a copy of the Agreement a month before filing the motion. *See* Doc. 27-1 at 3-5.

Plaintiff does not dispute that the Agreement exists and that he signed it. Nor does he claim that he was prejudiced by its inadvertent omission from Defendant's original filing. Doc. 23. The Court will not deny Defendants' motion because of an unintended and relatively minor filing error. *See Taylor Holland LLC v. MVMT Watches, Inc.*, No. 2:15-CV-03578-SVW-JC, 2016 WL 6892097, at *2 n.4 (C.D. Cal. Aug. 11, 2016) (considering a movant's notice of errata because there was no evidence of bad faith or undue prejudice).

The Agreement is dated March 22, 2019 and signed by Plaintiff and his former supervisor. Doc. 24-1 at 3. It provides:

> [A]ny claim or controversy arising from, or relating in any way to, Employee's employment relationship or application or consideration for

> employment with the Company . . . which would otherwise be brought in court, including, but not limited to, all alleged violations of federal, state or local law, shall be submitted to, and shall be resolved through, final and binding arbitration[.]

Doc. 24-1 at 2. The Agreement expressly included "wage payment claims." *Id.* After signing, Plaintiff was afforded 30 days to opt out of the arbitration requirement. *Id.* at 3.

The declaration of Mr. Seguin, Director of People at True Food Kitchen, provides these additional facts:

> On March 22, 2019, Mr. Ortiz acknowledged and signed a written arbitration agreement agreeing to arbitrate any claims arising out of or relating to his employment with FRC. A true and complete copy of Mr. Ortiz's signed Arbitration Agreement is attached hereto as Exhibit A . . . . True Food and FRC do not have any record of Mr. Ortiz opting out of the Arbitration Agreement . . . . The standard company practice for True Food and FRC has been, at all times since approximately April 2017, to require its employees, including Servers and Bartenders, to sign Arbitration Agreements[.]

Doc. 19-1 at 2.

Plaintiff does not assert that the terms of the Agreement were unclear, unexplained, or waived, or that he opted out within 30 days. Nor does he argue that his wage claim somehow falls outside the Agreement.

Instead, Plaintiff argues that Mr. Seguin's declaration is inadmissible hearsay. This argument is not persuasive. Defendants bring their motion under Rule 12(b)(1). Doc. 19 at 3. Such a motion may rely on affidavits. *See Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) ("On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion.").[1]

---

[1] Some cases raise serious questions about whether motions to compel arbitration may be brought under Rule 12(b)(1). *See, e.g., Wolff v. Tomahawk Mfg.*, No. 3:21-CV-880-SI, 2022 WL 377926, at *4-5 (D. Or. Feb. 8, 2022). The Court need not address this issue because use of Mr. Seguin's affidavit is appropriate even if Defendants are correct that Rule 56 controls, as discussed below.

Plaintiff contends that the motion must be addressed under Rule 56. Doc. 23 at 2-4. But that rule also permits the use of affidavits. *See* Fed. R. Civ. P. 56(c)(1)(A). If an affidavit contains evidence that would be inadmissible hearsay were the declarant to testify in court, the hearsay may not be relied upon. *See* 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 56, at 181 (2023). But Mr. Seguin avows that he can testify through his familiarity with Defendants' business records (Doc. 19-1, ¶ 5), that Defendants' standard practice was to require new employees to sign arbitration agreements (*id.* ¶ 10), that Defendants kept these agreements in computer systems containing personnel information (*id*. ¶¶ 3-4), that the records were kept in the ordinary course of business (*id*. ¶ 5), and that the Agreement is a true and correct copy of the arbitration contract signed by Plaintiff (*id*. ¶ 8). Such testimony, if given by Mr. Seguin in court, would overcome any hearsay objection to the Agreement. *See* Fed. R. Evid. 803(6). And Mr. Seguin's other material statements in the declaration are based on his familiarity with Defendants' business practices and would not be out-of-court hearsay declarations if given in court. Plaintiff's hearsay response to Defendants' motion is not well taken.

The Agreement clearly shows an intent to arbitrate all employment-related claims, including "wage payment claims." Doc. 24-1 at 3. Plaintiff's individual FLSA and state law claims are wage disputes. Plaintiff makes no argument that would enable the Court to deny Defendant's motion to compel arbitration of his claims.

**IV.     Motion to Strike.**

Defendants move to strike Plaintiff's collective and class allegations, arguing that the Agreement renders Plaintiff incapable of a collective or class action. Doc. 19 at 9.[2] The Agreement includes this provision:

> In accordance with this agreement, both the Employee and the Company . . . shall only be entitled to pursue a claim in arbitration against the other in their individual capacities, and not as a plaintiff, class member, private attorney general, or class representative in any purported class and/or

---

[2] Eleven individuals joined Plaintiff's collective action by filing consent notices. Doc. 1 at 22; Doc. 13.

5

>  collective and/or private attorney general and/or representative action proceeding.

Doc. 24-1 at 3.

Plaintiff contends that this collective and class action may continue without him because the 11 opt-in plaintiffs were conferred party status upon filing their consent notices. Doc. 23 at 5. But this argument says nothing about Plaintiff's class claim, which cannot be satisfied by opt-in plaintiffs and which will lack the required class representative when Plaintiff's claims are sent to arbitration as clearly required by the Agreement.

Nor does the Court find Plaintiff's opt-in argument persuasive with respect to the FLSA collective action claim. Plaintiff cites cases from outside the Ninth Circuit that stand for the broad proposition that opt-in plaintiffs who have filed a consent notice in FLSA actions acquire the same status as the original plaintiff. *See, e.g.*, *id.* at 6 (citations omitted). The Ninth Circuit acknowledged this point in *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018): "[T]here is no statutory distinction between the roles or nomenclature assigned to the original and opt-in plaintiffs" after opt-in plaintiffs file consent notices with the court. *Id.* at 1104 (citation omitted).

But *Campbell* concerned whether opt-in plaintiffs could appeal an order decertifying a collective action. *Id.* at 1105. The Ninth Circuit did not address whether opt-in plaintiffs may carry on an FLSA suit when the original plaintiff is dismissed on the basis of an arbitration agreement. Plaintiff cites no law to support this proposition. And the fact remains that a collective action under the FLSA is a representative action. The named plaintiff sues on behalf of all others. *See* 29 U.S.C. § 216(b) ("An action to recover the liability . . . may be maintained against any employer. . . by any one or more employees *for and in behalf of himself or themselves and other employees similarly situated*.") (emphasis added). Plaintiff does not explain how this case can proceed without him as the representative lead plaintiff, and he makes no attempt to identify an alternative lead plaintiff.

As another judge on this Court has explained:

6

> [T]he named Plaintiffs – York and Pearson – brought a collective and class action to this Court in direct contravention of the Arbitration Agreements they signed, which contained express collective and class action waivers. It is unclear to the Court how the named Plaintiffs are proper plaintiffs in this collective action, having waived their right to bring such an action. Indeed, upon this Order compelling York and Pearson to individual arbitrations, the lawsuit is left without lead plaintiffs capable of a collective action. The purported opt-in Plaintiffs are attempting to use the tools of a collective action to become a part of this lawsuit that was in essence improperly brought as a collective action. For these reasons, the Court will grant Defendants' request to strike the class and collective action claims in this matter. *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415-19 (2019).

*York v. Dave & Buster's Inc.*, No. CV-21-01130-PHX-JJT, 2022 WL 2491228, at *2 (D. Ariz. June 3, 2022).

Plaintiff is bound by the Agreement to arbitrate his claims against Defendants. The Court accordingly will compel arbitration and dismiss his claims, leaving this case with no named plaintiff to represent and litigate the purported collective action. The Court accordingly will strike the collective and class claims. *Id.* at *3; *see also Longnecker v. Am. Exp. Co.*, No. 2:14-cv-0069-HRH, 2014 WL 4071662, at *4 (D. Ariz. Aug. 18, 2014) ("[N]either the remedial purposes of the FLSA, nor the interests of judicial economy, would be advanced if [the court] were to overlook facts which generally suggest that a collective action is improper.").[3]

### V. Dismissal of the Complaint.

Because Plaintiff expressly consented to "final and binding arbitration," Doc. 24-1 at 2, the Court sees no point in staying this litigation. The Court will compel arbitration and dismiss Plaintiff's claims. *Kam–Ko Bio-Pharm Trading Co., Ltd.-Austl.*, 560 F.3d 935 at 940 (finding that the court has discretion to dismiss or stay the action to allow arbitration to proceed); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (affirming

---

[3] In light of this ruling, the Court need not address Defendants' evidence, produced for the first time in their reply, that the opt-in plaintiffs also signed arbitration agreements. *See* Doc. 27-1.

dismissal to allow arbitration); *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same).

**IT IS ORDERED:**

1. The motion to compel arbitration and dismiss the complaint (Doc. 19) is **granted**. Plaintiff Jacob Ortiz and Defendants shall proceed to arbitration under the terms of the Agreement.
2. The collective and class allegations are stricken.
3. The Clerk is directed to terminate this action.

Dated this 27th day of March, 2023.

*David G. Campbell*
David G. Campbell
Senior United States District Judge